Good morning, Your Honors. Council, could you give me, I'm sorry, just one minute. I've got to get my notes here. I thought I was ready. Okay. Good morning, Your Honors. May it please the Court. My name is Randall Vehar. I'm on counsel for Local Union 121C. With me today is the council vice president, Vince Diaz, who helped to negotiate the contract that we're here for. Local Union president, Kevin Berner. And a grievant, Ed Marquardt, who has been reinstated with 38 years of seniority, would have liked to have been here today, but he's on call in the Yakima region. I'd like to reserve five minutes for rebuttal. Why are we here today? The district court made several mistakes, and I know it's de novo review because it's summary judgment, but I think it helps to understand why we're here and the mistakes that they made. Neither party asked for a remand of the opinion of the kind that was remanded. We asked for a remand on a small issue on calculation of damages. There was no dispute of facts on the vast majority of the issue of damages if the award is upheld. But the district court granted partial summary judgment to the union on an issue we didn't even ask for, for a remand on a clarification of the opinion regarding a matter that shouldn't have even been before the district court, Article V of the contract. Why do I say that? Because two decisions of this court in June, the Asarco decision and Pioneer Roofing, which we cited in supplemental authority by letter in June and last week, made it clear that when an employer is going to challenge the jurisdiction of an arbitrator to decide a certain issue, there are several ways they can do that to preserve that issue before the court. They can just refuse to go to arbitration at all and force the union to go in for a motion to compel. They can take the affirmative action of coming to the district court for a declaratory judgment. Or at the beginning of arbitration, what they could have done in this case is said to the arbitrator, Mr. Arbitrator, if you find that the Article VII contractual procedural requirements for a written reminder and two written warnings underlied by facts that are similar to, or the same type as those that support your discharge, if you find that we did that, and you find that there was just cause for some discipline, your jurisdiction ends. And not said anything more why they said that and said, but we want to preserve that issue and just deal with the merits. Arguably, they would have preserved that issue for the district court and you to consider. But, counsel, forgive me for interrupting, but your time is ticking, and I have to believe the opposing counsel is going to get up and say, we could not have anticipated this ruling from the arbitrator. And now we have it, and we're responding to it, and we can't make heads or tails of it. Certainly. But they did anticipate it. They anticipated it in a pre-hearing statement that the arbitrator never saw, and they raised it at page 29 of their post-hearing brief. You said the arbitrator never saw it. They're going to take issue. As we all know, the arbitrator said, no fair. But they raised it in their post-hearing. And didn't read it, right? That's right. He did not read it. But they did raise the issue at page 29 of their post-hearing brief. And the arbitrator in his order. What did they say? Pardon?  They cited Article V, Section 4A of the contract and said, you know, once we reach, once we comply with Article VII, that's it. You can't do anything more, Mr. Arbitrator. But isn't it just sort of more that they sort of accidentally hit on one of the reasons that were stated in ASARCO rather than anticipating ASARCO, which I thought was the question? Well, I'm sorry. I may have misunderstood it. Whether they anticipated ASARCO or not, that's the law of the circuit, that if you submit the issue to the arbitrator to decide, then you don't review the jurisdictional issue de novo. You review it just like you would anything else. Did the arbitrator look at and construe it? Didn't the arbitrator hold, and didn't the judge hold that the arbitrator acted within the scope of his authority, but he remanded on an entirely different issue, and that is whether the judge, whether the arbitrator actually applied Article V? And the real issue, what he said was, the district judge said is, you've got Article V, you've got Article VII, and you've got the contract submission, and I can't make heads or tails out of how that was resolved by the arbitrator, and I want it to go back for that reason. Okay. Isn't that what the judge did? That's what he did, but I think he was wrong in doing it, and here's why. First of all, neither side asked for that remand. But more importantly, there's a difference between an ambiguity in the arbitration order and in the arbitration opinion. But, counsel, there's also a difference between blanks in an order, holes in an order, findings that need not be made, and analysis that especially explicitly is made that you can't square with the collective bargaining agreement. There are no holes in the order. The order is clear. The order itself, which if it's upheld, it becomes a judgment. So is it really your position that you want us to look at the order divorced from the reasoning? Pardon? Is it really your position that you want us to look at the order divorced from the reasoning? The order, in fact, says in it, I reviewed the post-hearing briefs. And in page two of the award, in the opinion. How does that help us if we've got some expressed reasoning that we can't square with the CBA? I think you can square it. And I've cited that in my briefs. You can square Article V. But in order to understand, it's an implicit finding, granted. But you can, to understand the implicit finding regarding Article V, you have to understand the explicit finding in the opinion on how the arbitrator saw Article VI and Article VII interplay. Article VI. I have a question about Article VI. A couple questions. The first is, I don't think we have the complete collective bargaining agreement. Is that right? It's probably not in the record. I think it is in the record. We have part of it. Part of it in the record. Does the collective bargaining agreement have a definition section? Not that would relate to this. Okay. So Article VI has a provision. It just seems striking to me that Article VI, and this will be, I think, important for opposing counsel as well, talks about layoffs and discipline. It does not talk about termination. And Article VII talks about layoffs and termination both, as though those are two different things. No, Article VI does talk about termination. Article? So is it your position? Let's make this easy. Is it your position that Article VI includes termination? It says right in here. I'll read it. Is that a yes? Counsel? Is that a yes? Yes. All right. Go right ahead. The right to hire, reassign, promote, demote, layoff, and discipline employees. It doesn't say termination. Counsel? Counsel? It says layoff and discipline. Discipline. If your position is that that includes termination, I'm done. Is that right? It does include termination. All right. Thank you. And if you, now, think about when you're considering this. Think about if you struck the words in that first sentence, for just cause. If you struck those words, nothing would change in the employer's interpretation of the agreement. But that's not how the arbitrator interpreted Article VI. The arbitrator first interpreted Article VII, said that they met the numerosity requirements of one reminder, two warnings. And then he said, but. Well, no, that's not all he said. He said, and I read, they had just cause to initiate disciplinary action. That's right. To initiate. They had just cause to provide him, they provided him due process under the just cause. They complied with Article VII for just cause. And then he went on immediately to say, but, referring back to Article VI, they also have to meet the generally recognized standards of just cause in Article VI. What are the standards in Article VI? He says it in his award. I know what he says, but where do I find them in Article VI? That is something that is decades old arbitration decisions that is very familiar in the federal common law of arbitration. Is the answer to Judge Smith's question that it's not in Article VI? It is in Article VI. It's implied in there. By decades long, there's not a specific. You're saying that it's said there because of the words. Just cause. Just cause. And the arbitrator found that. And, therefore, by saying those words of just cause, the arbitrator can do anything he wants to do as it relates to just cause. No, not anything he can do. He applied the generally recognized standards that negotiators have known for decades. But, more importantly. You have a contract here, I think, that the district court found was a problem for you and for the arbitrator. And Article V says an arbitrator shall have no authority to set aside, find too severe or mortified discharge except where the employer is not satisfied, Article VII, Section 1, which he found they had satisfied. And you're saying that somehow Article VI changes Article VII. And he didn't explain how that's so. He doesn't have to explain everything. Well, I understand. I think that's true. But when you go against the direct word of a clause, I think you do have to explain why you're doing it. Not if you've waived your right on it. Particularly when the contract says, the right of the employer to issue a discharge shall be determined solely by the provisions of this Article VII and shall not be modified by any other part of this agreement. I'm having trouble understanding why it's not appropriate to ask the arbitrator to go back and explain all of that. Exactly. Because of this, first of all, ambiguity in the opinion is different than an ambiguity in the order. The courts and Supreme Court have made very clear, and even the district court said, I can interpret it that uphold the award, or I can interpret it to vacate the award. And the Supreme Court and this Court has made clear, if you can interpret it, if you find a way that is. We know. And what if we can't? What if we have not been able to connect the dots in a way to uphold the award? Please focus on that. Sure. Another way is the third counterclaim said that aside from all of that, the submission agreement gave independent authority or helped to illuminate what the contract meant. The district court never touched that, never decided, but it dismissed it. And so effectively in granting and denying partial summary judgment, it dismissed the third counterclaim effectively. So there is, regardless of whether they waived the right, which they did under SARPA. So I'm just trying to get at a way that I can. We are exceptionally deferential to arbitrators' decisions. So I'm trying, looking for a way that I can say that this decision is consistent. Do you have a way? It is. Because the arbitrator interpreted the language in Article VI as making Article VII supplementary, not restricting the concept of just cause. I mean. When you understand. That's the argument in your brief. If I may. That's the argument in your brief. Right? But that also makes Article V, when it refers to VII, that the obligations there are only supplementary. Article VI, the way the arbitrator interpreted it, still is the basic requirement of just cause. Thank you. Hold on. Hold on. Hold on. Hold on. Do you believe that the employer satisfied the provisions of Article VII, Section I? No. Because it seems to me your argument is that there are many provisions of Article VII, Section I. One, they may have done it as it relates to initiate disciplinary action. They may have done it as it relates to due process. They may have done it as to terminating or, excuse me, waivers and all the notices, but that's it. But there's another provision? Is that what you're telling me? In Article VII, Section I.D., there's also a requirement, not only that they issue at least one written reminder and two written warnings, but those, and he explicitly leaves out, he doesn't cite this, he leaves it out, that those warnings and reminders have to be based on the same type of facts as though the discharge was based on. And earlier in his award, in his opinion, he cited the kinds of warnings and reminders that have been justified. They were not, arguably, they were not the kind. Now, that part, only if you say he didn't have authority to address the just cause. I do think there it's a difference that that should be remanded, only in that regards, because. Because they're not of the same type. It's not a mirror image. You read the opinion to be consistent to uphold award. It's not the Court's job to infer facts, as it was found in Garvey. It's not the Court's role to infer facts to undermine the award. Thank you, Counsel. Thank you. Good morning. Good morning, Your Honors. I'm going to go up a little bit here. Good morning. May I please the Court. Counsel, my name is Cammie Smith. I'm from the Spokane law firm of Winston and Cachet. I represent Cascade Natural Gas. Also here with me today from Boise is Cascade's Human Resources Director, who was involved also in the arbitration. So the Court has pinpointed the issues before it. And you're correct, arbitration awards are usually given deference, if they are interpretations of the CBA or constructions of the CBA. But that is not what we have here. Arbitration decisions are not bulletproof. The arbitrator is still bound by the CBA. And when the arbitrator goes beyond that authority and dispenses his own brand of industrial justice, then the Court steps in to say, you have made a finding that is completely contrary to the collective bargaining agreement. And that's what we have here. The CBA is clear and unambiguous with regard to Article V, VI, and VII. Your position is that VI does incorporate termination, even though it only speaks of layoff and discipline. Is that right? Correct. All right. Both parties agree on that, so I'll take it. Termination is a type of discipline. Well, but Article VII, of course, speaks of layoff separately and differently than termination. So it's not consistent. But if you're not disagreeing, I'll take that. Does the CBA have a definition section that we just weren't given? I believe it does, but it doesn't define just cause. It doesn't have any definitions that would affect today's ruling. When I look at this finding by the arbitrator that Article, your team, prevailed on Article VII, Section 1D, I am hard-pressed to figure out how that could be. What's your best shot? In your briefing, you just keep saying, I don't mean that disparagingly, but I think your argument, your main argument is that the arbitrator knew our position and found that we satisfied. Correct. Right. But, of course, two of the disciplinary grounds were found not proven that would have matched up with the prior disciplinary record. And the two that were, how can we match those up and say those were of a similar character? Or is it a position that we don't go that far? Well, I don't think you have to go that far. I think if you look at Article VII, you're then getting to the merits of what the arbitrator decided, not procedure. But the arbitrator decided we had met Article VII, and the reason he decided that, and I believe he used words that said we had mentored and we had coached and we had disciplined numerous times over the prior couple years of employment, and we had, the arbitrator found we had given three written reminders, two written warnings, or vice versa, and that those were consistent with the fact that he was not properly carrying out the function of his job. I understand all of that. The problem is trying to read the arbitrator's decision as closely as I can, so I'll ask you the same questions I ask your opponent. He says that the cascade had just cause to initiate the disciplinary action. He says that there is just cause and that they provided him due process. And they say that he complied with Article VII, Section 1D, as it relates to, if you will, written reminders and all of that. But where he gets to is he says, but there was no just cause. As I understand the decision, there is no just cause as it relates to terminating. Correct. And then he makes this distinction between substantive just cause and procedural just cause. And I'm understanding 7.1.D is the procedural just cause, that the arbitrator's interpreting it that way, and that there's this other thing, substantive just cause, that opposing counsel says we get from the prior case law. Right. So just cause is a standard that's outlined by arbitrators, but sometimes you'll look at cases, there's seven elements. This arbitrator found three elements of just cause. The first was whether there was evidence of the employee's misconduct of a policy or procedure. That would be substantive, and he did find there was misconduct in violation of a policy and procedure. The second element was whether the employer complied with investigation due process as well as stepped discipline. And he found that we did. Then the final element. But the problem is all of that said, what he actually gets to, if it seems to me, that he's suggesting that in the termination there was no just cause. Right. That's what he's saying. That's his third element. His third element is is the discipline reasonable, but that element also includes was it handed out in a discriminatory manner. And he could have maybe found that it was discriminatory, this person of a protected class was being disciplined, this one wasn't. But he didn't go there. He didn't find that. There were no facts to that. He found it was disproportionate, but the parties have contracted, according to Article V, that he doesn't get to decide that. Well, but just a minute. According to Article V, it says the arbitrator has no authority to set aside, find too severe, or modify except where they've not satisfied the provisions thereof. He's saying you didn't satisfy the provisions thereof. You didn't satisfy the provisions of just cause for termination. That section. He's saying you satisfied all those provisions as related for initiating the disciplinary action, the due process, the notice, all of that. But when I get to determination, he's saying you didn't satisfy. That's what he says. He actually doesn't say that. What Article V says is that he has no authority to set aside, find too severe, or modify a discharge except where the employer hasn't followed Article VII, Section 1. That's what he says. But he says we followed Article VII, Section 1. No, he does not say that. That's the nub of it right there. He says just the contrary. He says he follows it as it relates to initiation, as it relates to due process, as it relates to VII-1D, but he did not do it as it relates to termination. Now, if he says that, then it seems to me he's every right to find too severe what happened. He doesn't, according to Article V. Well, not just a minute. He doesn't if, in fact, unless the employer has not satisfied the provisions thereof. If the employer has not satisfied the provisions thereof, he can find it too severe. That's what the A says. He says in the record, page 41, that Cascade complied with the procedural requirements under Agreement Article VII consisting of four written reminders and three written warnings. But that's all procedural again. That's right where Judge Kristen was. That's just exactly. But what he's saying is, but they didn't comply with it as to the substantive, if you will, part of just cause. And, therefore, I'm not bound by IV-A because I'm finding the employer's not satisfied this. And, therefore, I can set aside. I can find too severe. I can modify, and I'm doing it. In fact, what he says, now his language is not very good on this, and I didn't get a chance to talk to counsel about this. He starts talking about penalties, which adds to your argument. If he had just followed this line that I am adopting here or pressing forward, I don't think I'd have anything to say. But he starts talking about penalties. There's nothing in here about penalties. I think, Your Honor, if you look at the textile workers versus American Thread case, that's a Fourth Circuit case from 1961, and what that says is just cause to discipline is enough to prove just cause for termination. You don't actually have to prove just cause for termination if the collective bargaining agreement. That doesn't make any difference because at this point he's saying no just cause to terminate, and he's got nothing in this agreement which says as long as you've got just cause to discipline, you've got just cause to terminate. There's nothing in here that says that. There's nothing in this agreement that says that. I believe Article V and Article VI together say that. Article VI says the right to layoff and discipline. It doesn't substantiate termination, and the reason it doesn't substantiate termination is because the parties have already agreed that an arbitrator doesn't have the decision to say, hey, I think you should have done this, but instead you terminate it. It says just cause to discipline, and we know that termination is a form of discipline, and Cascade has the ultimate authority to decide what they're going to do. Could they have given him another written reprimand? Sure. Could they have suspended him? Sure. But they didn't have to because they had already done those things in the past, and according to Article VI, if just cause for discipline is proven, then the arbitrator. If somebody had ever said that you had the just cause to terminate, then there's no way he could have set aside fine to severe or modify. There's only one way to get there, and that's to suggest that you didn't have the just cause, which he references Article VI, and he says it applies to Article VII. You didn't have the just cause to terminate. That's what he's saying. That's what the language says. And so, therefore, at that point, I'm saying to myself, and I'm lost because I have no authority. I may not have written it the way he did. I may not say it the way he did. I don't even think he was on point, but I can't get in there. If I can find some way to say he is interpreting this agreement to make this decision, then I'm stuck. I enforce it. The fact that he specifically used the word modify in both the opinion and the order shows a blatant disregard for Article V and a blatant overstepping of his boundaries. Well, it surely shows that if he found no just cause to terminate, I agree. But my worry is he didn't find just cause to terminate. He found just cause to do a lot of stuff, but he didn't find just cause to terminate. And we say he didn't have that authority. He didn't have authority to find just cause to terminate? He had authority to find just cause for discipline, but not for termination. Well, what did you ask him to do, counsel? What was the question you submitted to him? What was he supposed to do? We didn't actually submit it. He presented it to us. We did sign it. You're right, because we did terminate it. Okay, so what was he supposed to do? What were the questions he was asked? Right. He was to decide if our termination was supported by just cause, because we did terminate him. It could have said was the discipline supported by just cause, but we didn't discipline him. We terminated him. And if he would have found that the employee did not engage in the conduct at all, or there was no policy or procedure that limited his conduct, then he could have said no just cause. Well, frankly, it seems to me he answered the first question, did they have just cause to terminate? No. Well, he would never have reached the second question otherwise, right? He never would have reached the second question otherwise. Correct. May I ask you, though, what is the impact of the arbitration submission in which you say that the issue is whether there was just cause to terminate. If not, then what happened? What should have happened? See, what looks to me like what you did is by your contract submission, you vitiated all over. If you didn't have the contract submission, you win hands down, I think. But you've created a conflict between the submission and Article 5 and Article 7. It looks like that. Why do you not think that's right? I don't believe we have. And in our post-hearing brief, we outlined an arbitration elements of just cause, and it didn't include the reasonableness. The case that we cited didn't include reasonableness. What did it include, counsel? This would be helpful to me. Were you focusing on just cause as defined in Article 7? We focused on just cause as defined by some arbitration opinions. See, if you go to the arbitration opinions, that's his whole position, that there's this, you know, 6 and 7 together come to this procedural cause, and then that the arbitrator was still free to do this other substantive. The substantive that the arbitrator was free to do was to determine, was there a policy? Was that policy violated by the conduct of the employee? That's substantive, and he has the right to decide. He could have said, this employee didn't even do what you say he did. That would be substantive. There wasn't just cause to even discipline him or terminate him. And when we did the submission agreement, knowing that the first two elements of just cause are substantive, and that is, is there a policy in place? Did the employee violate that policy? Did Cascade Natural Gas procedurally and substantively do an adequate investigation? And then finally, the element that we have contracted, he doesn't have the right to decide, is whether or not the discipline is reasonable. We say we have, we, Cascade, have the entire authority to decide what type of discipline, as long as he, the arbitrator, finds that the employee engaged in the conduct, we procedurally did everything we needed to do. The arbitrator doesn't have the authority to modify. Just one last question. The elements of just cause that you're ticking off are not contained in a definition section anywhere? No. Okay. Excuse me. Yes. Where in Article VII is there a definition of just cause? In Article VI, it says there's a definition of just cause in Article VII, but I'm curious where that definition is as seen by your side of the case in Article VII. Article VII, I don't believe, defines just cause, but what it does define is the parameters Cascade has to operate within to give progressive discipline before they terminate. They're the procedural hoops you have to jump through. Correct. Aren't they? Correct. And the arbitrator found that we had given enough written reprimands, enough written warnings, enough coaching over the course of time, and then at that point his authority stops. We would ask this court to reverse the district court to reverse the arbitrator and fine in favor of Cascade. Thank you. Thank you. Counsel, we'll put one minute on the clock. I draw your attention to excerpts of record page 204, which is part of the Cascade post-hearing brief to the arbitrator, in which they lay out that Cascade, they say they met their burden to show just cause for termination. They list the four items, and I will read the fourth item that they say. Cascade applied the discipline in a reasonable and even-handed manner. Now, the arbitrator found they did not apply it in a reasonable manner. They found that discharge was he found it was not reasonable. He decided the issue that they put to him. They recognized that Article VI has an independent obligation aside from Article VII. Where in Article VII is there a definition of just cause? There is no definition, and it's rarely put in to clock the bargaining agreements. Well, what does Section VI mean when it says as contained in Section VII? It means? Just cause as defined in Section VII. Very good question. The way the arbitrator interpreted it was that just cause, the concept of just cause well known in labor law, has all of these various parts to it. In addition to what's in that concept of just cause are the additional contractual notice requirement, or not, written warning and written reminder requirements in VII. Those are additional obligations on top of all of those that are under just cause. They argue that it limits just cause in Article VI. That's not how the arbitrator interpreted it. The question is whether he was right or whether he was wrong is not really this Court's decision to make. That's how he interpreted it. Thank you. Hold on. Did you have one more? No. Thank you for your argument. Thank you both for your helpful argument. I think I have a few seconds. We would request. Counsel, your time's up. Oh, it's at 53. You're significantly over your time. Thank you. Thank you. We'll go on to the next case, the last case on the calendar, please. 17-3557 and 17-35579, Stewart v. Snohomish.
judges: N.R. Smith, Christen, Payne